IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES C. STRADER,**

                    **Petitioner,**

      v.                                     **CASE NO. 22-3227-JWL-JPO**

**STATE OF KANSAS, et al.,**

                    **Respondents.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner James C. Strader. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court will dismiss this matter for lack of jurisdiction.

### Background

Petitioner is serving a lengthy prison sentence for crimes he committed in Johnson County, Kansas and Reno County, Kansas. *See State v. Strader*, 2007 WL 2992402, *1 (Kan. Ct. App. 2007), *rev. denied* April 23, 2008; *see also* Online Record of Johnson Count, Kansas, Case No. 03CR389. In his current petition for federal habeas relief, Petitioner challenges his Reno County convictions. (Doc. 1, p. 1.)

Petitioner has previously filed multiple habeas corpus actions in this district challenging these convictions. The first was dismissed on October 2, 2019 as time-barred. *See Strader v. Kansas*, Case No. 19-3137-SAC, 2019 WL 4858308 (D. Kan. Oct. 2, 2019). Petitioner appealed the dismissal to the Tenth Circuit, which denied relief on December 30, 2019. *See Strader v. Kansas*, 798 Fed. Appx. 222 (10th Cir. 2019) (unpublished). Petitioner's second § 2254 petition challenging his Reno County convictions was filed in this Court on January 3, 2020 and dismissed four days later because

1

this Court lacks jurisdiction to consider the merits of a second or successive § 2254 petition unless the petitioner first obtains an order from the Tenth Circuit authorizing such consideration. *See Strader v. Schroeder*, Case No. 20-3002-SAC.

On August 18, 2021, Petitioner filed a third § 2254 challenging his Reno County convictions. *See Strader v. Kansas*, Case No. 21-3184-SAC. The Court dismissed the matter the following day as an unauthorized successive § 2254 petition over which it lacked jurisdiction. *Id.* at Doc. 5. In November 2021, Petitioner filed suit in the United States District Court for the Southern District of Georgia, challenging, in part, his Reno County convictions. After the Georgia federal court transferred the matter to this Court, the challenges to the Reno County convictions in that matter were dismissed as unauthorized successive § 2254 claims. *See Strader v. Kansas*, Case No. 21-3275-SAC.

On June 8, 2022, Petitioner filed yet another § 2254 petition in this Court in which he challenged his Reno County convictions. *Strader v. Kansas*, Case No. 22-3114-SAC. The Court issued a Notice and Order to Show Cause detailing Petitioner's lengthy litigation history; noting, in part, the unauthorized successive nature of the challenges to the Reno County convictions; and directing Petitioner to show cause why the matter should not be dismissed in its entirety. Rather than show good cause, Petitioner filed a motion to dismiss the matter without prejudice, which the Court granted on June 22, 2022.

The matter currently before the Court is another § 2254 petition in which Petitioner attempts to challenge his Reno County convictions. (Doc. 1.)

**Analysis**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

The Court has conducted a preliminary review of the petition and attached exhibits and finds that this matter is an unauthorized successive application for habeas corpus. As noted above, Petitioner has filed multiple applications for federal habeas relief from his Reno County convictions. As he has been advised, under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before Petitioner may proceed in a second or successive application for habeas corpus relief, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. § 2244(b)(3)(A). Despite the Court's repeated explanation of this requirement, Petitioner has not obtained the required authorization with respect to the petition in this matter.

When a petitioner fails to obtain the prior authorization, the federal district court must dismiss the matter or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). To decide whether the interest of justice requires transfer to the Tenth Circuit for possible authorization to proceed on a successive habeas petition, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *See In re Cline*, 531 F.3d at 1251.

Because Petitioner's first § 2254 petition was dismissed as time-barred, it is likely that any claims in the present petition would also be time-barred. The Court notes that Petitioner has made an actual innocence argument in his petition, but even liberally construing the argument, it does not persuade the Court that the interest of justice requires transfer of this matter to the Tenth Circuit. The Court will instead dismiss this matter without prejudice for lack of jurisdiction. If Petitioner wishes, he may independently apply to the Tenth Circuit for authorization to proceed with this petition.

The Court further notes that the petition in this matter was electronically submitted to the clerk of court for electronic filing along with over 170 additional pages. Those pages included two additional federal habeas petitions, which were filed as separate matters in this Court, as well as

filings that appeared intended for the Tenth Circuit, the Foreign Intelligence Surveillance Court, and at least one Kansas state district court. Petitioner is advised that this Court does not accept documents for filing in other courts. In addition, it was not clear whether Petitioner intended all of the documents to constitute several new cases, or to be filed in one or more already existing cases. At one point in the submission, Petitioner appeared to request that the Court file the documents in every case he has had before this Court from 2018 to the present day.

> "'[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.' Federal courts have the inherent power 'to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'"

*Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, (10th Cir. 2006) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)).

Petitioner has been subjected to filing restrictions in previous cases due to his filing large numbers of apparently irrelevant documents. *See, e.g.*, *Strader v. Kansas*, Case No. 19-3137-SAC, 2019 WL 5622439, *1 (D. Kan. Oct. 31, 2019) ("[P]etitioner has repeatedly submitted materials that do not support a comprehensible claim for relief, and the Court remains convinced that a filing restriction is warranted in this matter."). Thus, as Petitioner is already aware, he "has no constitutional right to file frivolous or malicious matters" and "where a [party] has a history of repetitive filings and abuse of the judicial process, a court may exercise its inherent power to impose orders to manage its docket and deter frivolous filings." *See Strader v. Werholtz*, Case No. 19-3102-SAC, 2019 WL 5267160, *1 (D. Kan. Oct. 17, 2019).

Although the past filing restrictions were issued on a case-by-case basis, Petitioner is hereby cautioned that if he continues to submit large amounts of repetitive documents that appear unrelated to the cases in which he wishes to file them, the Court will consider implementing more broadly applicable filing restrictions.

If Petitioner wishes documents to be filed in a specific case, he must clearly identify that case number on the first page of his filing. Petitioner should also ensure that the documents he files

in a case are relevant to the claim or claims in that particular matter. This will promote judicial efficiency, as the Court will not have to sort through hundreds of pages to determine what, if any, information therein is relevant to the claims in the case before it.

### Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** as an unauthorized successive petition under 28 U.S.C. § 2254, which the Court lacks jurisdiction to consider. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 7th day of October, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge